UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EARL WOODS,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN GRANT, et al.,<br><br>        Defendants. | Case No. 24-cv-00586-TLT<br><br>**ORDER REOPENING CASE, GRANTING LEAVE TO FILE COMPLAINT BY MAIL, DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner incarcerated at San Quentin Rehabilitation Center (SQRC), filed a *pro se* civil rights action regarding medical care at SQRC and San Joaquin General Hospital. The Court previously dismissed plaintiff's action for failing to comply with General Order No. 76. Dkt. No. 9. Considering plaintiff's subsequent letter explaining his basis for wanting to file the complaint by mail, Dkt. No. 13, the Court will allow it and vacate the prior judgment (Dkt. No. 10), reopen the case, and dismiss the complaint with leave to amend. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendant Dr. Matolo at San Joaquin General Hospital performed surgery on the wrong hernia on an unknown date. He alleges that he discussed this surgery with defendant Dr. Grant in November of 2022, and informed defendant Grant that the surgery had not gone well because defendant Matolo had operated on the left side, where there was an old hernia repair, instead of the right side, and the right side was still painful. Plaintiff was referred to surgery for further evaluation. Plaintiff also names as a defendant T. Woodson, who provided an Institutional Level Response to his grievance about the surgery. Plaintiff alleges that Dr. Matolo was negligent and violated his rights under California law.

Plaintiff has not stated a constitutional claim against any defendant. First, he has not explained how defendant Grant was either responsible for the purported surgery error, or failed in some way to provide plaintiff with adequate treatment. Plaintiff alleges that defendant Grant referred him for further surgical evaluation, which is not a deficient response to what plaintiff complained of.

Second, a claim of medical malpractice or negligence against defendant Matolo is not

2

sufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In order to show a constitutional violation, plaintiff needs to demonstrate that a defendant was deliberately indifferent to his serous medical needs. Plaintiff must allege a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Third, there is no section 1983 liability for a prison official simply for their role in reviewing and responding to a grievance. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff has therefore not alleged a cognizable claim against defendant Woodson.

Plaintiff may amend his complaint to explain whether any defendant violated his constitutional rights.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall vacate the prior judgment and reopen the case.

2. Plaintiff is granted leave to file his complaint and application to proceed *in forma pauperis* by mail, and the Clerk is instructed to docket his case-initiating documents accordingly.

3. Even liberally construed, the allegations do not give rise to any federal claims against any named defendant. The complaint is dismissed with leave to amend to remedy the deficiencies noted above.

4. If plaintiff wishes to file a First Amended Complaint (FAC), he must do so within 28 from the date of this order. The FAC must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint or petition by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

5. It is plaintiff's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED.**

Dated: August 29, 2025

_____
TRINA L. THOMPSON
United States District Judge